IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-1250-C |
| | ) | CR-05-68-C |
| CLEO PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

On November 19, 2010, Defendant, acting pro se, filed a 28 U.S.C. § 2255 motion,
seeking to vacate, set aside, or correct his sentence. After leave of Court was granted,
Defendant amended this Motion on November 17, 2011. In support of his request, Defendant
argues that his trial counsel and appellate counsel were ineffective in challenging the career
offender enhancement which was applied at sentencing.

Defendant's claims are governed by the two-pronged analysis set forth in Strickland
v. Washington, 466 U.S. 668 (1984). First, Defendant must show that his counsel's
performance fell below an objective standard of reasonableness. Id. at 688. Second,
Defendant must demonstrate that the deficient performance resulted in prejudice to his
defense. Id. at 687. In considering the first prong, the Court is mindful that a strong
presumption exists that "counsel's conduct falls within the wide range of reasonable
professional assistance." Id. at 689. To establish the second prong, Defendant must show
that "counsel's errors were so serious as to deprive the defendant of a fair trial." Id. at 687.
In other words, Defendant must establish "that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." Id. at 694. With these standards in mind, the Court considers the issues raised by Defendant.

Defendant argues his counsel was ineffective because he failed to establish that the underlying convictions were insufficient to trigger career offender status. According to Defendant, his prior convictions for sale of cocaine and sale of marijuana could not trigger the sentence increase because there was no proof that under the applicable state law the convictions were of the type necessary to satisfy USSG § 4B1.2. Review of the sentencing transcript establishes that Defendant's counsel did in fact object to both the marijuana conviction and the cocaine conviction. In each instance, Defendant admitted to the Court that he had pleaded guilty to crimes sufficient to satisfy § 4B1.2. Notably these admissions came from Defendant himself and not through counsel.

Further, and perhaps most importantly, on direct appeal the Tenth Circuit determined that the Court properly determined the first degree burglary charge and the sale of cocaine charge were sufficient to trigger the career offender enhancement. United States v. Patterson, 561 F.3d 1170, 1173 (10th Cir. 2009) ("The district court also properly found, as a factual matter, that Mr. Patterson had a second prior conviction, namely, a conviction for selling cocaine that carried a sentence of four years in prison."). This factual finding on appeal is dispositive of any claim of harm arising from trial counsel's alleged failure to properly object. It is also dispositive of any argument that appellate counsel failed to raise the issues. Thus, Defendant's arguments of ineffective assistance on the issue are without merit as he

cannot show "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In his original Motion, Defendant also argued that his counsel was ineffective in failing to properly communicate a plea bargain to him. Defendant abandoned that argument when he filed his amended Motion. However, in a recent filing, Defendant attempts to revive the issue. Plaintiff argues that the amended motion resulted in abandonment of the earlier claims. Because Defendant's request lacks merit, it is unnecessary to resolve this dispute and the Court will dispose of the "plea agreement" issue on the merits.

Defendant argues that his counsel was ineffective for "promising" to win the trial. According to Defendant, as a result of counsel's actions he rejected a plea which would have resulted in a 15-year sentence instead of the 30 years he received.

The Supreme Court recently set forth the standard to be applied in cases such as this:

> [A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler v. Cooper, --- U. S. ---, 132 S.Ct. 1376, 1385 (2012). It is the last portion of this standard that is fatal to Defendant's argument. Even had Defendant opted to accept the plea agreement, his sentence would not have changed.

The purported plea agreement (there was never a written agreement) would have required Defendant to plead guilty to Count 2: Possession with Intent to Distribute 5

Kilograms or More of Cocaine. Even had Defendant pleaded guilty to this sole count, at sentencing he still would have been subject to the § 4B1.2 enhancement. Thus, there is no basis on which to find that the rejection of the plea agreement, even if based on ineffective assistance, would have rendered Defendant's sentence "less severe than under the judgment and sentence that in fact were imposed." Lafler, 132 S.Ct. at 1385.

Although Defendant requested an evidentiary hearing, the Court finds one unnecessary because resolution of his arguments is possible on the existing record. See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (citing United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996)).

As set forth more fully herein, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. Nos. 117 and 137) is DENIED. A Judgment will enter accordingly.

IT IS SO ORDERED this 16th day of May, 2012.


ROBIN J. CAUTHRON
United States District Judge